GOLDEN STATE FRUIT DISTRIBUTORS, INC., Plaintiff, *v.* ———— SHAMBRO, Defendant.

Supreme Court, New York County, December 10, 1928.

———— for the plaintiff.
———— for the defendant.

FRANKENTHALER, J. The first cause of action is on a note for $500, given as a part payment on account of the purchase price. Defendant has failed to set forth facts sufficient to entitle him to defend the claim on the note. The second cause of action is for breach of the contract pursuant to which the note was given as " all liquidated damages." The contract was drawn by the seller, and in

effect provides that the limit of plaintiff's recovery in the event of breach shall be $500. Moreover, the damages alleged to have been suffered are not liquidated, as required by rule 113 of the Rules of Civil Practice. Summary judgment on the second cause of action cannot be granted.

As to plaintiff's motion to strike out the denials and defenses in the answer pursuant to rule 104 of the Rules of Civil Practice, it should be observed that the denials of paragraphs 9, 12 and 13 are not shown to be sham, false or frivolous. The allegations of the first defense to the first cause of action are insufficient in law, in that plaintiff had the right to retain the $500 as part payment on the contract, without regard to the provision for liquidated damages. The other defenses appear to me to be clearly sham.

The motion is granted to the extent of (1) granting partial judgment for $500 on the first cause of action; (2) striking out all the denials in the answer, except those relating to paragraphs 9, 12 and 13 of the complaint; and (3) striking out the alleged affirmative defenses. The action is severed as to the second cause of action. Except as indicated, the motion is denied. Settle order on notice.